IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **DENISE MARTINEZ** § | |
| § | |
| **Plaintiff,** § | |
| v. § | |
| § | |
| **TMAC FORT STOCKTON LLC and K-** § | **CIVIL ACTION NO. _____** |
| **BOB'S USA, INC. both d/b/a K-Bob's** § | |
| **Steakhouse** § | |
| § | |
| **Defendants.** § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Denise Martinez, ("Plaintiff" or "Martinez") files this Original Complaint, against Defendants TMAC Fort Stockton LLC and K-Bob's USA, Inc. both d/b/a K-Bob's Steakhouse, (collectively referred to as "Defendants"), for violating federal and state law. The cause of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Denise Martinez ("Martinez") is currently a citizen and resident of the State of Texas.

2. Defendants TMAC Fort Stockton LLC d/b/a K-Bob's Steakhouse ("TMAC"), is a corporation, authorized to do business, and is doing business, in the State of Texas. TMAC's main place of business is in Fort Stockton, Texas. TMAC is registered with the Texas Secretary of State, but does not have an agent registered for receiving service with the Texas Secretary of State. Therefore, the Secretary of State shall be an agent of such corporation upon which any such process or notice may be served. Service on the Secretary of State shall be made by delivering to and leaving her, or with the Deputy Secretary of State, or with any clerk having charge of the corporation department of her office, duplicate copies of such process. Proper

service of process shall be made on the Texas Secretary of State – Citations Unit, located at 1019 Brazos Street, Room 105, Austin, Texas 78701. In the event any such process is served on the Secretary of State, she shall immediately cause one of the copies thereof to be forwarded by registered mail, addressed to TMAC Fort Stockton, LLC's corporate address located at 4119 Montrose Blvd., Ste 470, Houston, TX 77006.

3. Defendant K-Bob's Operations Holding Co., LLC d/b/a K-Bob's Steakhouse ("K-Bob's OHC"), is a corporation authorized to do business, and is doing business, in the State of Texas, with its main place of business in Houston, Texas. It can be served through its registered agent for service, Edward R. Tinsley IV, at 405 Main St., Ste. 808, Houston, TX 77002, or wherever he may be found.

4. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 & §1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391, as the events forming the basis of suit occurred in Fort Stockton, Texas in Pecos County.

## II. FACTUAL BACKGROUND

5. K-Bob's Steakhouse is a regional restaurant chain that operates in Texas, New Mexico, and Colorado. Defendants are operating together as a joint employer and/or integrated enterprise and/or otherwise acted in a manner to disregard corporate formalities or that make Defendants jointly and/or severally liable. Defendants share email, information technology and web services, and benefits and human resources functions. Upon information and belief, K-Bob's Operations Holding Co., LLC shares and exercises control over TMAC Fort Stockton, including setting employee pay, setting employment policies, controlling litigation of TMAC Fort Stockton, and exercising other control or taking other actions subjecting it to liability in this action.

6.     In April 2019, Martinez received an offer from K-Bob's to work at its Fort Stockton, Texas location as the Front of House Manager. The offer letter was on K-Bob's Steakhouse letterhead, noted the corporate address in Houston, Texas, and was signed by Edward Tinsley as the Head of Operations and Development.

7.     Martinez accepted the offer and relocated her family from San Antonio, Texas to Fort Stockton.

8.     Martinez began training at K-Bob's in May 2019. Soon thereafter, Martinez was subjected to severe and pervasive sexual harassment by K-Bob's Kitchen Manager. This harassment from the Kitchen Manager included, but was not limited to (a) discussing his sexual encounters and sexual activities; (b) describing how he performs sexually with specific details; (c) grabbing Martinez and telling her that he knows she wants him; (d) using his hands and mouth to simulate how he performs sexually; and (e) showing pictures of sex toys to Martinez and other female staff.

9.     Martinez was not the only victim of this Kitchen Manager's sexual harassment, as other female employees, including female employees who were still in high school, also endured the same sexually harassing behavior.

10.    Defendants were well aware of this employee's propensity to engage in sexual harassment of females at work as it was obvious and open. Moreover, the General Manager knew about the Kitchen Manager's harassing comments and even engaged in sexually inappropriate comments towards Martinez himself. Specifically, the General Manager told Martinez she would need to perform sexual favors if she wanted to leave early.

11.    In June 2019, Martinez reported the sexual harassment by the Kitchen Manager and the General Manager to K-Bob's Vice President and Owner, but nothing was done to rectify the problem and the harassment continued and intensified.

12. Instead of rectifying the problem, Martinez was retaliated against by Defendants after she reported the sexual harassment, including, but not limited to, (a) switching her to a less desirable shift and (b) requiring Martinez to work more hours for the same amount of pay.

13. After reporting the sexual harassment to the Vice President and Owner, the Kitchen Manager came to Martinez's office and appeared to be drunk or hungover. He reached his hand into Martinez's shirt to grab her breast. Martinez pushed him away and told him to go home. In response, the Kitchen Manager grabbed his penis and said, "You know you want it." Martinez reported this incident to the owner, but again, nothing was done to rectify the problem.

14. Because of the on-going harassment, K-Bob's failure to take remedial action, and the retaliation, Martinez had no choice but to resign from her position in July 2019, as no reasonable person would continue to work in such a hostile work environment.

15. Martinez filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission/Texas Commission on Human Rights ("TWC") (on or about August 26, 2019) alleging sexual harassment and illegal retaliation against both Defendants. A Notice of Right to Sue from the EEOC was received by Martinez on September 23, 2020. This lawsuit is being filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" issued by the EEOC on these charges.

### III. CAUSES OF ACTION: VIOLATION OF TITLE VII BY DEFENDANTS

16. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 15 as if fully stated herein.

17. Plaintiff has satisfied all jurisdictional prerequisites in connection with their claims under the TCHRA and Title VII.

18. This action is being commenced within the required time limits of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§2000e *et. seq.* ("Title VII"), as (a) the charge was filed within 300 days of the harassment and discrimination, and (b) this lawsuit is being filed within 90 days of the Notice of Right to Sue being obtained by the Plaintiff from the EEOC.

19. This action is also being commenced within the required time limits of the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE. §§ 21.001 *et. seq.,* in that (a) the Charge was filed with the TWC within 180 days of the actions being complained about in this suit, (b) this lawsuit is being filed after waiting more than 180 days from the date the Charge was filed with the TWC, and (c) this lawsuit is being filed within two (2) years of the date the Charge was filed with the TWC.

20. Defendants are both considered to be an "employer" as defined by Title VII and the TCHRA.

21. Plaintiff is considered to be an "employee" as defined by Title VII and the TCHRA.

22. During the time that Plaintiff was employed by Defendants, they were subjected to severe and pervasive sexual harassment, and retaliation, as defined by Title VII and the TCHRA. These actions created a hostile-work environment, affected the terms and conditions of Plaintiff's employment, and ultimately led to her leaving the employment of Defendants.

23. As described above, Defendants intentionally and willfully violated Title VII and the TCHRA by subjecting Plaintiff to sexual harassment in the workplace, and retaliation against Plaintiff because they engaged in protected activity as described by Title VII and the TCHRA.

24. Defendants do not have adequate policies or procedures in place to address the harassment/retaliation, nor did they implement prompt remedial measures.

25. As a result of Defendants' violations of Title VII and the TCHRA, (as mentioned above), Plaintiff has suffered actual damages in the form of lost wages and benefits. Plaintiff has also suffered mental trauma, loss of enjoyment of life, and other losses.

26. As a result of the willful and intentional violations of Title VII and the TCHRA, Plaintiff requests that they be awarded all actual, compensatory, and punitive damages to which she are entitled, equitable and/or injunctive relief, and attorney fees and costs.

## IV. JURY DEMAND

Plaintiff requests a trial by jury on all claims.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff request that on final trial, Plaintiff have judgment against Defendants as follows:

a. Judgment against Defendants for actual damages, including lost wages and benefits, the sum to be determined at time of trial;

b. Judgment against Defendants for compensatory damages, (including, but not limited to, mental anguish and loss of enjoyment of life), in the maximum amount allowed by law;

c. Judgment against Defendants for punitive damages in the maximum amount allowed under law;

d. An order that Defendants take such other and further actions as may be necessary to redress Defendants' violation of Title VII and the TCHRA;

e. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f. Costs of suit, including attorney's fees and other costs; and

g. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted by:

*/s/ Megan Dixon*
**Megan Dixon**
State Bar No. 24079901
dixon@l-b-law.com
**BRAZIEL | DIXON, LLP**
1910 Pacific Ave. Ste. 12000
Box 220
Dallas, Texas 75201
Tel: (214) 749-1400
Fax: (214) 749-1010

**ATTORNEY FOR PLAINTIFF**